## ALLEN FILTER CO. v. STAR METAL MFG. CO. et al.

District Court, E. D. Pennsylvania. February 25, 1929.

No. 4307.

Charles I. Thompson, of Philadelphia, Pa., and Percy H. Moore, of Washington, D. C., for plaintiff.

E. Hayward Fairbanks, of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. This cause concerns letters patent No. 1,470,-094, issued October 9, 1923, to plaintiff, assignee of Edgar P. Mull, for an improved water cooler. The claimed invention relates to water coolers of the coil type. Patents are issued on one or both of two grounds. One when invention is undoubtedly present;

694

the other when the presence of invention is not clearly manifested, but a real benefit has been conferred which those interested in the art have appreciated, accepted, and recognized. This recognition by the trade is accepted by the courts as evidence of invention, which is accordingly found. Crozier-Straub, Inc., et al. v. Graham et al. (C. C. A.) 28 F.(2d) 321, is of this latter type. One who makes a real contribution to the commonwealth is deserving of the reward which the patent laws offer, but when a patent relates to an old art, there is another interest which must be given consideration. Those who are making the thing which is the subject of the patent must be able to learn from the patent what they have the right to make, use, and sell, and from what they must refrain. Refrigerators and water coolers of the general type here in question had been long in use. It was indeed from this use that the improvement here claimed was suggested. Metal coils were likewise in use. The aim of this patentee was really to make a better rather than a new water cooling device. The old was short in the respect that the coils of the old art were of soft metal, and as the cooling was done by placing large and heavy cakes of ice on the coils, if the ice was dropped or otherwise not carefully placed (as in practice was often the case) the coils were damaged. The patentee prevented this damage and avoided the danger of it by making the coils of a metal sufficiently resilient and the coil of "convolutions of graduating height and circumferences" so as to withstand the shock of a dropped cake of ice. The latter means, we assume, that the coil was so made as to have in some degrees the characteristics of a spiral spring. It must be evident, however, that the difference is altogether one of degree. The new coil has more spring than the old, and the substituted metal more resiliency. The practical difference in results, however, was that between a poor coil and a good one. The file wrapper experience of this patent shows that it owes its issue to the latter consideration. The original claim was rejected on prior patents. There are indeed others more directly bearing upon the claimed invention than those cited by the patent examiner. When the practical result indicated was pointed out, however, the claims as now phrased were allowed.

Allowing the merit claimed, we have simply a finding that the cooler of the patent is a better cooler than any in the prior art. It is better, for one reason, because the metal of the coils of the older coolers were of soft metal, while that of the patent is of a harder and more resilient metal. This change would seem to be one of so obvious betterment that we suspect the preference given at first to the softer metal was one dictated by economy in the cost of forming the coils. The cooler of the patent is an improvement because of the spiral spring effect. This was wholly due to the more resilient metal used. The convolutions of any coil are of graduated circumferences and height.

We are unable to see invention in the introduction of what is a more resilient metal and a more regularly graduated coil, although there might well be improved results. A patent right in this case could, if at all, be upheld only for the same reasons for which it issued. A good test of whether an improved device displays invention is to translate the claims into the terms of an injunction. If this can be done so that other dealers in the subject-matter of the patent may know what they can make, use, or vend, and from what they must abstain, the patent is valid. If no injunction can be drawn without taking from others what belongs to them under the prior art, the patent is invalid. Applying this test, no injunction could be based on either of these claims without denying to other users rights which undoubtedly belong to them or expressing the prohibition in terms so general and indefinite as to be meaningless.

The key words in the claims are "resilient" and "coils having bends or convolutions graduated in height." The coils of the old art were of metal having some resiliency and had bends or convolutions graduated in height. There is no difference in these characteristics between the old and the patented, except in degree, and the words of the claims are relative only. This we think is a denial of invention.

The finding is in consequence one of invalidity, and a decree dismissing the bill, with costs, for want of equity, may be submitted.